LATHAM & WATKINS LLP
  Matthew Rawlinson (SBN 231890)
  Daniel R. Gherardi (SBN 317771)
140 Scott Drive
Menlo Park, California  94025
Telephone:  +1.650.328.4600
Facsimile:  +1.650.463.2600
*matt.rawlinson@lw.com*
*daniel.gherardi@lw.com*

  Michele D. Johnson (SBN 198298)
650 Town Center Drive, 20th Floor
Costa Mesa, California 92626
Telephone:  +1.714.540.1235
Facsimile:   +1.714.755.8290
*michele.johnson@lw.com*

  Colleen C. Smith (SBN 231216)
12670 High Bluff Drive
San Diego, California 92130
Telephone:  +1.858.523.5400
Facsimile:   +1.858.523.5450
*colleen.smith@lw.com*

  Gavin M. Masuda (SBN 260480)
505 Montgomery Street, Suite 2000
San Francisco, California 94111
Telephone:  +1.415.391.0600
Facsimile:   +1.415.395.8095
*gavin.masuda@lw.com*

*Attorneys for Defendants*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| GREGORY A. HURST, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ENPHASE ENERGY, INC., BADRINARAYANAN KOTHANDARAMAN, and ERIC BRANDERIZ,<br><br>Defendants. | CASE NO.  5:20-cv-04036-BLF<br><br>**DEFENDANTS' REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION TO DISMISS LEAD PLAINTIFF'S AMENDED CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS**<br><br>Hearing:      July 29, 2021<br>Time:         9:00 a.m.<br>Location:    Courtroom 3 – 5th Floor<br><br>Hon. Beth Labson Freeman |

LATHAM&WATKINS^LLP
ATTORNEYS AT LAW
SILICON VALLEY

1

DEFS.' REQUEST FOR JUDICIAL NOTICE
ISO MOTION TO DISMISS
CASE NO. 5:20-CV-04036-BLF

## I.    INTRODUCTION

Defendants Enphase Energy, Inc. ("Enphase" or the "Company"), Badrinarayanan Kothandaraman, and Eric Branderiz (collectively, "Defendants"), respectfully request that the Court consider the following documents, attached to the Declaration of Daniel R. Gherardi filed concurrently herewith, in connection with Defendants' Motion to Dismiss ("Motion to Dismiss") Plaintiff Gregory Hurst's ("Plaintiff") Consolidated Amended Complaint for Violations of the Federal Securities Laws ("Complaint" or "Compl.").

- **Exhibit A** – a true and correct copy of Enphase's annual report on Form 10-K for fiscal year 2019 publicly filed with the United States Securities and Exchange Commission ("SEC") on February 21, 2020 (the "2019 10-K").

- **Exhibit B** – a true and correct copy of Enphase's annual report on Form 10-K for fiscal year 2018 publicly filed with the SEC on March 15, 2019 (the "2018 10-K").

- **Exhibit C** – a true and correct copy of Enphase's definitive proxy statement on Schedule 14A publicly filed with the SEC on April 2, 2018.

- **Exhibit D** – a true and correct copy of Enphase's annual report on Form 10-K for fiscal year 2020 publicly filed with the SEC on February 16, 2021.

- **Exhibit E** – a true and correct copy of a report by Prescience Point Capital Management ("Prescience") dated July 25, 2018.

- **Exhibit F** – a true and correct copy of a report by Prescience dated August 15, 2018.

- **Exhibit G** – a true and correct copy of the historical stock price of Enphase common stock from September 6, 2017 to January 22, 2021, which is publicly available at https://finance.yahoo.com/quote/ENPH/.  For the Court's convenience, Exhibit G also includes a visual representation of the stock price of Enphase common stock between September 6, 2017 and January 22, 2021, with notations of dates mentioned in the Motion to Dismiss.

- **Exhibit H** – a true and correct copy of a Form 4 for Eric Branderiz dated June 5, 2020.

Each of these documents may properly be considered by the Court in connection with the Motion to Dismiss because it is (i) incorporated by reference into the Complaint; and/or (ii) subject to judicial notice under Rule 201 of the Federal Rules of Evidence.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SILICON VALLEY

1

DEFS.' REQUEST FOR JUDICIAL NOTICE
ISO MOTION TO DISMISS
CASE NO. 5:20-CV-04036-BLF

## II.    LEGAL STANDARD

In deciding a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court's review "is limited to the complaint, material incorporated into the complaint by reference, and matters of which the court may take judicial notice. *Metzler Inv. GMBH v. Corinthian Colls., Inc.*, 540 F.3d 1049, 1061 (9th Cir. 2008).

## III.    ARGUMENT

### A.    Exhibits A, B, E, and H Are Incorporated by Reference in the Complaint

Under the incorporation by reference doctrine, documents may be treated "as though they are part of the complaint itself" if the plaintiff "refers extensively to the document or the document forms the basis of the plaintiff's claim." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1002 (9th Cir. 2018).  This "prevents plaintiffs from selecting only portions of documents that support their claims, while omitting portions of those very documents that weaken—or doom—their claims." *Id.*  In securities actions, courts routinely incorporate by reference the SEC filings that contain the allegedly misleading statements, as well as documents that plaintiffs rely on as the basis for their allegations that the statements were misleading or that the truth was revealed later in time. *See, e.g., In re Tesla, Inc. Sec. Litig.*, 2020 WL 1873441, at *12 (N.D. Cal. Apr. 15, 2020); *Iron Workers Local 580 Joint Funds v. NVIDIA Corp.*, 2020 WL 1244936, at *5 (N.D. Cal. Mar. 16 2020) (considering "SEC filings" because "the plaintiff refers extensively to the document[s] [and] the document[s] form[] the basis of the plaintiff's claim").

Here, Plaintiff refers extensively to—and even hyperlinks—Exhibits A (2019 10-K) and B (2018 10-K) and alleges that they contain purportedly misleading statements that form the crux of this action. *See, e.g.*, Compl. ¶¶ 67 & n.5, 74 & n.14, 165-74, 196-212.  The Court may therefore consider Exhibits A and B because they are incorporated by reference into the Complaint.  The Court may also consider Exhibit E (July 2018 Prescience report) because Plaintiff refers to it in the Complaint, and Prescience's allegations from the July 2018 report are repeated in Plaintiff's Exhibit 1, which is alleged to have "revealed" some truth to the market. Compl. ¶ 81; *Park v. GoPro, Inc.*, 2019 WL 1231175, *6 (N.D. Cal. Mar. 15, 2019) (documents relied on "to show the truth being revealed" to the market "form the basis" of a securities claim

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SILICON VALLEY

2

DEFS.' REQUEST FOR JUDICIAL NOTICE
ISO MOTION TO DISMISS
CASE NO. 5:20-CV-04036-BLF

and are properly incorporated by reference). And Exhibit H (Form 4) is also incorporated by reference because it forms the basis of Plaintiff's allegations surrounding Defendant Branderiz's stock sales, Compl. ¶ 225, and Plaintiff expressly purports to cite to Exhibit H although he erroneously cites the wrong Form 4, *id.* ¶ 225 n. 37 (discussing June 3, 2020 stock sales but citing June 16, 2020 Form 4).

### B.    Exhibits A Through H Are Properly Subject to Judicial Notice

Courts may take judicial notice of facts "not subject to reasonable dispute because [they] . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2); *In re Facebook, Inc. Sec. Litig.*, 405 F. Supp. 3d 809, 827 (N.D. Cal. 2019). Here, Exhibits A (2019 10-K), B (2018 10-K), C (2018 proxy statement), D (2020 10-K), and H (Form 4) are each publicly available filings by Enphase with the SEC. They are thus matters of public record, not subject to reasonable dispute, and available from sources whose accuracy cannot reasonably be questioned—the SEC's public website. *See Metzler*, 540 F.3d at 1064 n.7 (SEC filings subject to judicial notice). Courts routinely take judicial notice of SEC filings to determine what information a company "disclosed to the market." *In re Aqua Metals, Inc. Sec. Litig.*, 2019 WL 3817849, at *5 (N.D. Cal. Aug. 14, 2019) (taking judicial notice of SEC filings "for the purpose of determining what was disclosed to the market"); *Russian Hill Capital, LP v. Energy Corp. of Am.*, 2016 WL 1029541, at *3 (N.D. Cal. Mar. 15, 2016) (taking judicial notice of SEC filings to the extent that they show defendants "made the statements contained therein"). As such, the Court may take judicial notice of Exhibits A and B for the statements Plaintiff challenges and their context, Exhibit C for the Company's description of Defendant Kothandaraman's background, Exhibit D for the Company's most recent financial results, and Exhibit H for the Company's disclosure of Mr. Branderiz's stock sale.

The Court may also take judicial notice of Exhibits E (July 2018 Prescience report) and F (August 2018 Prescience report) because they provide necessary context to the June 2020 Prescience report that Plaintiff attaches to his Complaint and alleges was a corrective disclosure. Both Exhibits E and F contain accusations that Enphase misstated its financial results, and while the Company most certainly disputes the accuracy of those accusations, the Court may take

LATHAM&WATKINS<sup>LLP</sup>
ATTORNEYS AT LAW
SILICON VALLEY

3

DEFS.' REQUEST FOR JUDICIAL NOTICE
ISO MOTION TO DISMISS
CASE NO. 5:20-CV-04036-BLF

judicial notice of the fact that the accusations were made and the market was aware of them. *See In re Kalobios Pharms., Inc. Sec. Litig.*, 258 F. Supp. 3d 999, 1003 (N.D. Cal. 2017) (finding judicial notice proper to "show[] that particular information was available to the stock market"). And Plaintiff cannot reasonably dispute that the Prescience reports are readily determinable from a source whose accuracy cannot reasonably be questions—Prescience's public website.

Finally, the Court may take judicial notice of the price of Enphase common stock from September 6, 2017 through January 22, 2021 (Exhibit G). Enphase's stock price is not a fact subject to reasonable dispute and "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned"—here, Yahoo Finance's public website. Fed. R. Evid. 201(b). Courts routinely take judicial notice of stock charts depicting daily stock prices from credible sources. *See, e.g., In re Nvidia Corp. Sec. Litig.,* 2010 WL 4117561, at *2, n. 3 (N.D. Cal. Oct. 19, 2010) (taking judicial notice of daily closing prices as reported by Yahoo! Finance and provided by defendants); *Siemers v. Wells Fargo & Co.,* 2007 WL 1456047, at *2 (N.D. Cal. May 17, 2007) (taking judicial notice of Yahoo! Finance quotes for per share price); *Eng v. Edison Int'l*, 2017 WL 1857243, at *5 (S.D. Cal. May 5, 2017) (taking judicial notice of defendant's stock price history).

## IV.    CONCLUSION

For all of the foregoing reasons, Defendants respectfully request that the Court consider Exhibits A through H in assessing Defendants' Motion to Dismiss.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SILICON VALLEY

4

DEFS.' REQUEST FOR JUDICIAL NOTICE
ISO MOTION TO DISMISS
CASE NO. 5:20-CV-04036-BLF

DATED: February 19, 2021

**LATHAM & WATKINS LLP**


*/s/  Matthew Rawlinson*
Matthew Rawlinson (SBN 231890)
Daniel R. Gherardi (SBN 317771)
140 Scott Drive
Menlo Park, California 94025
Telephone:  (650) 328-4600
Facsimile:   (650) 463-2600
Email:  matt.rawlinson@lw.com
            daniel.gherardi@lw.com

**LATHAM & WATKINS LLP**
Michele D. Johnson (SBN 198298)
650 Town Center Drive, 20th Floor
Costa Mesa, CA 92626-1925
Telephone: (714) 540-1235
Facsimile: (714) 755-8290
Email: michele.johnson@lw.com

**LATHAM & WATKINS LLP**
Colleen C. Smith (SBN 231216)
12670 High Bluff Drive
San Diego, CA 92130-3086
Telephone: (858) 523-5400
Facsimile: (858) 523-5450
Email: colleen.smith@lw.com

**LATHAM & WATKINS LLP**
Gavin M. Masuda (SBN 260480)
505 Montgomery Street, Suite 2000
San Francisco, California 94111
Telephone:  +1.415.391.0600
Facsimile:   +1.415.395.8095
Email:  gavin.masuda@lw.com

*Attorneys for Defendants Enphase Energy,
Inc., Badrinarayanan Kothandaraman, and
Eric Branderiz*

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SILICON VALLEY

5

DEFS.' REQUEST FOR JUDICIAL NOTICE
ISO MOTION TO DISMISS
CASE NO. 5:20-CV-04036-BLF